**The STATE of Ohio, Appellee,**

v.

**HOUSTON, Appellant.**

[Cite as *State v. Houston* (1992), 84 Ohio App.3d 58.]

Court of Appeals of Ohio,
Montgomery County.

No. 13240.

Decided Dec. 1, 1992.

*Walter F. Ruf,* Assistant Montgomery County Prosecuting Attorney, Appellate Division, for appellee.

*Flanagan, Lieberman, Hoffman & Swaim, Richard Hempfling* and *Dennis A. Lieberman,* for appellant.

---

KERNS, Judge.

On September 12, 1991, the defendant, Mark D. Houston, was indicted for trafficking in marijuana in violation of R.C. 2925.03(A)(6). The charge against Houston resulted from a "reverse buy" operation whereby a Dayton police officer sold a quantity of marijuana to the defendant and then arrested him for possession of the substance.

On October 29, 1991, the defense filed a motion to dismiss the charge against Houston alleging that the sale of the marijuana by the police officer was not conducted in accordance with R.C. 3719.141, but after a hearing of the matter, the motion to dismiss was overruled by the court of common pleas.

Thereafter, Houston entered a plea of no contest to the charge, but he was found guilty by the trial court, and from the judgment and sentence thereupon entered on December 11, 1991, the defendant has perfected an appeal to this court.

In this court, the appellant has set forth his only assignment of error as follows:

"The trial court erred in overruling defendant's motion to dismiss in that the sale of controlled substances to defendant by a police officer was prohibited by law."

In support of the alleged error, the appellant has submitted two arguments for consideration, the first of which has been stated as follows:

"A. The law in effect at the time of the sale prohibited charging one to whom controlled substances are sold by a peace officer unless such person was also charged in the same indictment with an independent but related criminal offense."

Basically, Houston contends that the version of R.C. 3719.141 presently reported in the Ohio Revised Code is not applicable to the charge against him for the alleged reason that the amendment which did not require the indictment to contain an independent but related criminal offense (Am.Sub.H.B. No. 588, effective Oct. 31, 1990, 143 Ohio Laws, Part IV, 5930, 5939) was deleted by another amendment (Am.Sub.S.B. No. 258, effective Nov. 20, 1990, 143 Ohio Laws, Part I, 1308, 1492) before becoming law. In other words, the appellant

urges that since Am.Sub.S.B. No. 258 was enacted prior to the effective date of Am.Sub.H.B. No. 588, the applicable law is contained solely in Am.Sub.S.B. No. 258, and that the indictment was defective, therefore, because it did not allege an independent but related criminal charge.

However, the interpretation placed upon R.C. 3719.141 by Houston completely ignores the rule of construction enunciated in R.C. 1.52(B), which provides as follows:

"If amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each. * * * "Amendments are irreconcilable only when changes made by each cannot reasonably be put into simultaneous operation."

In the application of R.C. 1.52 to R.C. 3719.141, the Legislative Service Commission made the following comment:

"Section 3719.141 of the Revised Code is amended by this act [H.B. No. 588] (eff. 10–31–90) and also by S.B. No. 258 of the 118th General Assembly (eff. 11–20–90). Comparison of these amendments in pursuance of Section 1.52 of the Revised Code discloses that they are not irreconcilable, so that they are required by that section to be harmonized on November 20, 1990, to give effect to each amendment."

Upon examination of the subject amendments, this court is likewise of the opinion that the adopted version of R.C. 3719.141 is in fact an accurate reflection of Ohio law, and, accordingly, the initial argument of the appellant must be denied.

The second argument of the appellant has been presented as follows:

"B.  The sale at issue herein was prohibited because at the time of such sale the Kettering Police Department had not adopted a sufficient 'written internal control policy' as required by law."

█   The appellant's contention that the internal control policy of the Kettering Police Department failed to conform to the requirements of R.C. 3719.-141(A)(1)(g)(i) was refuted by an express finding of the trial court, and the record discloses sufficient evidence to support the findings and conclusion of the common pleas court.  Hence, the second argument submitted by the appellant likewise must be overruled.

Accordingly, the trial court did not err in overruling the motion to dismiss the charge, and the judgment will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and GRADY, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.